■ ORIX CREDIT ALLIANCE, INC., Appellant, v N. Y. BELL BAGEL, INC., et al., Defendants, and MARTIN BELL, Respondent. [635 NYS2d 303] —In an action based upon instruments for the payment of money only, commenced by service of a summons and notice of motion in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Held, J.), dated July 21, 1994, as denied its motion for summary judgment against the defendant Martin Bell.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, summary judgment is awarded to the plaintiff against the defendant Martin Bell, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in the amount of $153,328.21, together with interest from January 1, 1994, pursuant to the parties' agreement; and it is further,

Ordered that the remainder of the plaintiff's claim, regarding "late charges" and reasonable attorneys' fees under the parties' agreement, is severed and remitted to the Supreme Court, Kings County, for determination.

In 1986, individual defendant Martin Bell executed a written guarantee on behalf of the corporate obligor, N. Y. Bell Bagel, Inc. (hereinafter NYBBI), in which he expressly promised the plaintiff's assignor that he would guarantee payment of "any and all schedules or leases now or hereafter entered into" between the lessor and the lessee, as well as "all the obligations and liabilities due and to become due to the lessor from the lessee, under any lease, note or other obligation of the lessee to the lessor". The guarantee was, by its terms, "an open and continuing" guarantee. Martin Bell is therefore

responsible as a matter of law for the debt of NYBBI under two subsequent leases that NYBBI entered into with the plaintiff's assignor (see, e.g., *First Interstate Credit Alliance v Sokol*, 179 AD2d 583; *Israel Discount Bank v 500 Fifth Ave. Assocs.*, 167 AD2d 203; *Key Bank v Munkenbeck*, 162 AD2d 503; *Rhodia, Inc. v Steel*, 32 AD2d 753; *Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, affd 29 NY2d 617).

Bell may not subvert the guarantee's clear and unequivocal language of commitment by offering extrinsic or parol evidence of some contrary "intent" (see, e.g., *Norstar Bank v Prompt Process Serv.*, 117 AD2d 589, 590; *Nanuet Natl. Bank v Rom*, 96 AD2d 898; *National Bank of Westchester v Dogwood Constr. Corp.*, 47 AD2d 848).

We therefore remit the instant matter for entry of a judgment in the amount of $153,328.21 against Bell, which represents the principal remaining on certain lease extensions, with interest from January 1, 1994. However, a hearing should be held to ascertain whether the "late costs" and attorneys' fees claimed by the plaintiff are reasonable under the circumstances. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.