■ Jerry Juste, Respondent, v Anna Niewdach, Appellant. [809 NYS2d 563]—

In an action to enforce a guaranty brought pursuant to CPLR 3213 by motion for summary judgment in lieu of complaint, the defendant appeals, (1) as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 1, 2004, as granted the plaintiff's motion for summary judgment, and (2) from a judgment of the same court dated January 5, 2005, in favor of the plaintiff and against her in the principal sum of $10,290.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff made out a prima facie case for summary judgment pursuant to CPLR 3213 by establishing that the subject guaranty was an instrument for the payment of a sum certain, and that the defendant failed to make the payments called for by its terms (*see Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151 [1975]). The mere presence of additional provisions in the guaranty referring to the defendant's assumption of the tenant's obligations in the lease did not constitute a bar to CPLR 3213 relief, because these provisions did not require additional performance as a condition precedent to repayment, or otherwise alter the defendant's promise of payment (*see Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.*, 187 AD2d 634 [1992]; *First Interstate Credit Alliance v Sokol*, 179 AD2d 583 [1992]; *Gittleson v Dempster*, 148 AD2d 578 [1989]). The defendant failed to raise any triable issue of fact.

The defendant's remaining contentions are without merit. Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur. [*See* 6 Misc 3d 1010(A), 2004 NY Slip Op 51767(U) (2004).]