■ LAWRENCE S. LAWRENCE, Appellant, v MICHAEL F. KENNEDY et al., Respondents. [944 NYS2d 577]—

In an action, inter alia, to recover damages for breach of an employment agreement, commenced by service of a summons and complaint and by notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 22, 2011, as denied his motion for summary judgment in lieu of complaint pursuant to CPLR 3213 seeking payment of his "An-

nual Fixed Salary" pursuant to an employment agreement, granted that branch of the cross motion of the defendant Lawrence and Walsh, P.C., which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action for an accounting, and granted that branch of the cross motion of the defendant Michael F. Kennedy which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Lawrence and Walsh, P.C., which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action for an accounting and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Lawrence S. Lawrence, was a founding partner of the defendant law firm Lawrence and Walsh, P.C. (hereinafter the firm), and had been associated with the firm since 1972. In 2008, the plaintiff and the firm agreed that the firm would acquire the plaintiff's interest in the firm, and that the plaintiff would continue his association with the firm as an employee, in an "of counsel" capacity. As a result, they entered into two related agreements, a "Stock and Related Asset Purchase Agreement" and an "Employment Agreement."

Pursuant to the Employment Agreement, the firm agreed to employ the plaintiff for a term of $4\frac{1}{2}$ years, terminating on June 30, 2012. The Employment Agreement also provided that the plaintiff would receive two components of annual compensation, an "Annual Fixed Salary" and an "Annual Performance Based Salary." In relevant part, the Employment Agreement further provided that "for purposes of enforcement . . . [the Annual Fixed Salary] shall be deemed an instrument for the payment of money, provided, however, that this provision shall not constitute a waiver of any defenses or counterclaims the firm may have to the enforcement of this provision." In September 2010 the plaintiff suffered a stroke after undergoing surgery, which left him unable to work. According to the plaintiff, the firm failed to make several payments of his Annual Fixed Salary in 2010 and early January 2011, when the firm allegedly terminated his employment in violation of the Employment Agreement.

Thereafter, the plaintiff commenced this action by serving a summons and verified complaint, and a notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213 seeking payment of the Annual Fixed Salary component of his compensation. In the verified complaint, the plaintiff asserted

causes of action against the firm and its managing member, the defendant Michael F. Kennedy, in his individual capacity, alleging breach of contract due to nonpayment of the Annual Fixed Salary, breach of contract due to nonpayment of the Annual Performance Based Salary, and for an accounting. The Supreme Court, inter alia, denied the plaintiff's motion for summary judgment in lieu of complaint, granted that branch of the firm's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action for an accounting, and granted that branch of Kennedy's cross motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against him.

Pursuant to CPLR 3213, a party may commence an action by motion for summary judgment in lieu of complaint when the action is "based upon an instrument for the payment of money only or upon any judgment." An instrument is considered to be for the payment of money only if it contains an unconditional promise to pay a sum certain over a stated period of time (*see Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]; *Bloom v Lugli*, 81 AD3d 579, 580 [2011]). "[A] document comes within CPLR 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms" (*Weissman v Sinorm Deli*, 88 NY2d at 444 [internal quotation marks omitted]). However, "[t]he instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*id.*; *see Ro & Ke, Inc. v Stevens*, 61 AD3d 953, 953 [2009]; *Stallone v Rostek*, 27 AD3d 449, 450 [2006]).

Here, the Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint. With respect to the Annual Fixed Salary, the Employment Agreement provides "for purposes of enforcement . . . [the Annual Fixed Salary] shall be deemed an instrument for the payment of money, provided, however, that this provision shall not constitute a waiver of any defenses or counterclaims the firm may have to the enforcement of this provision." This provision, which is part of an integrated employment contract, does not contain an unconditional promise to pay as the firm did not waive its right to assert defenses and counterclaims. Additionally, the firm's obligation to pay is interwoven with and subject to the plaintiff's performance of his employment duties in accordance with the terms of the Employment Agreement. Consequently, outside proof would be required to determine if the plaintiff satisfied his obligations pursuant to the Employment Agreement (*see Weissman v Sinorm Deli*, 88 NY2d at 444; *Bloom v Lugli*, 81

AD3d at 581; *Haug v Metal City Findings Corp.*, 47 AD2d 837, 838 [1975]).

The Supreme Court, however, improperly granted that branch of the firm's cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the accounting cause of action asserted against it. "The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (*Palazzo v Palazzo*, 121 AD2d 261, 265 [1986]; *see Chalasani v State Bank of India, N.Y. Branch*, 235 AD2d 449, 450 [1997]). "A fiduciary relationship[,] 'whether formal or informal, "is one founded upon trust or confidence reposed by one person in the integrity and fidelity of another . . . [and] might be found to exist, in appropriate circumstances, between close friends . . . or even where confidence is based upon prior business dealings" ' " (*AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 21 [2008], quoting *Apple Records v Capitol Records*, 137 AD2d 50, 57 [1988], quoting *Penato v George*, 52 AD2d 939, 942 [1976]). Although an employee-employer relationship which only provides for the sharing of profits, but not losses, does not create a fiduciary obligation on the part of the employer (*see Vitale v Steinberg*, 307 AD2d 107, 108 [2003]; *Michnick v Parkell Prods.*, 215 AD2d 462, 462-463 [1995]), here, the plaintiff also alleged that he was a founding partner of the firm and that his longstanding relationship with the firm dated back to 1972. He further alleged that he transferred his 50% interest in the firm on the condition that the firm enter into the Employment Agreement under which the firm agreed to, among other things, share with him a percentage of the gross revenues generated from his client base as part of his compensation. Moreover, the plaintiff allegedly relied upon the firm to collect and determine the amount of those revenues. Accordingly, the plaintiff stated a cause of action for an accounting against the firm (*see LoGerfo v Trustees of Columbia Univ. in City of N.Y.*, 35 AD3d 395, 397-398 [2006]; *El-Khoury v Karasik*, 265 AD2d 372, 373-374 [1999]).

Contrary to the plaintiff's contentions, the Supreme Court properly granted that branch of Kennedy's cross motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against him. In this regard, the Employment Agreement was entered into by the firm and the plaintiff, and Kennedy executed the agreement on behalf of the firm in his capacity as its managing member. Consequently, the plaintiff cannot maintain this action against Kennedy, in his individual

capacity, for breach of the Employment Agreement since he had no contractual relationship with Kennedy, and was not in privity with him (*see Crown Assoc., Inc. v Zot, LLC*, 83 AD3d 765, 769 [2011]; *Simplex Grinnell v Ultimate Realty, LLC*, 38 AD3d 600, 600 [2007]; *M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515, 515 [1998]). Moreover, the Employment Agreement contained an exculpatory clause precluding the imposition of personal liability upon Kennedy on any legal or equitable grounds based upon the Employment Agreement, which would be a bar to the plaintiff's claims against Kennedy (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823 [1993]; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992]). The plaintiff's allegations of a special relationship with Kennedy, and that Kennedy was grossly negligent or acted willfully, in bad faith, or with reckless disregard of his duties constitute bare legal conclusions, and thus do not warrant denial of that branch of Kennedy's cross motion which was to dismiss the complaint insofar as asserted against him (*see Baquerizo v Monasterio*, 90 AD3d 587, 587-588 [2011]; *SNS Bank v Citibank*, 7 AD3d 352, 355 [2004]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur. **[Prior Case History: 34 Misc 3d 711.]**