■ THE GOODYEAR TIRE & RUBBER COMPANY, Appellant, v AUSTIN AZZARETTO, Respondent. [962 NYS2d 220]—

In an action to recover on a personal guarantee, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 15, 2011, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

The instant action is based upon, inter alia, a personal guarantee by the defendant in which he agreed to pay to the plaintiff the debts incurred by the nonparty Ceana, Inc., doing business as Green Acres Tire & Auto Svc. Ctr., relating to the purchase of certain merchandise. The plaintiff further relied upon a judgment dated December 16, 2010, in favor of it and against the nonparty J.A. Tire, Inc., doing business as Tire Country (hereinafter J.A. Tire). The judgment relates to the settlement of a dispute between the plaintiff, as landlord, and J.A. Tire, as tenant, regarding the possession of certain real property.

"Pursuant to CPLR 3213, a party may commence an action by motion for summary judgment in lieu of complaint when the action is 'based upon an instrument for the payment of money only or upon any judgment'" (*Lawrence v Kennedy*, 95 AD3d 955, 957 [2012], quoting CPLR 3213). "In order to recover on a guarantee, a plaintiff must establish that payment on the underlying debt was due" (*Estate of Agnes M. Broche v Tai*, 98 AD3d 601, 601 [2012]). Although the personal guarantee here is an instrument for the payment of money only, within the meaning of CPLR 3213 (*see Superior Fid. Assur., Ltd. v Schwartz*, 69 AD3d 924, 925 [2010]; *European Am. Bank v Lofrese*, 182 AD2d 67, 71 [1992]), the plaintiff failed to demonstrate its entitlement to judgment as a matter of law. Since the personal guarantee did not state that the defendant agreed to pay to the plaintiff the debts incurred by J.A. Tire, it does not qualify as a basis for summary judgment under CPLR 3213. Outside proof, other than simple proof of nonpayment, would be needed to determine what, if any, obligation the plaintiff had to pay any of the debts incurred by J.A. Tire (*see Lawrence v Kennedy*, 95 AD3d at 957).

Accordingly, the plaintiff's motion for summary judgment in lieu of complaint was properly denied, regardless of the sufficiency of the defendant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *cf. Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]). Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.