■ Francis X. Suozzi, Respondent, v Jay E. Scharf et al., Defendants, and Michael LaRaia et al., Appellants. [982 NYS2d 387]—

In an action to recover on certain personal guarantees, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants Mark R. Wenger and Michael LaRaia appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 5, 2012, as granted the plaintiff's renewed motion for summary judgment on the issue of liability as against the defendants Mark R. Wenger and Michael LaRaia.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's renewed motion for summary judgment on the issue of liability as against the defendants Mark R. Wenger and Michael LaRaia is denied, and the motion and answering papers are deemed to be the complaint and answer, respectively.

The plaintiff commenced this action pursuant to CPLR 3213 to recover on several guarantees of a loan made to a company, 291 Digital NY, LLC (hereinafter 291 NY), that is partly owned by the defendants. The defendants Michael LaRaia and Mark R.

Wenger (hereinafter together the appellants) are two of the guarantors. The guarantees provided, inter alia, that the guarantors "d[id] not guarantee . . . (ii) any regularly scheduled monthly payment then due and owing subsequent to the bankruptcy, liquidation (but not merger) or insolvency of 291 NY, or the foreclosure by 291 NY's senior lender pursuant to its loan facility with 291 NY."

The Supreme Court erred in granting the plaintiff's renewed motion pursuant to CPLR 3213 for summary judgment on the issue of liability as against the appellants. "Pursuant to CPLR 3213, a party may commence an action by motion for summary judgment in lieu of complaint when the action is 'based upon an instrument for the payment of money only or upon any judgment' " (*Lawrence v Kennedy*, 95 AD3d 955, 957 [2012], quoting CPLR 3213; *see Goodyear Tire & Rubber Co. v Azzaretto*, 103 AD3d 880, 881 [2013]). An instrument "does not qualify for accelerated judgment under CPLR 3213 [where] 'outside proof is needed . . . other than simple proof of nonpayment or a similar de minimis deviation from the face of the document' " (*Kerin v Kaufman*, 296 AD2d 336, 338 [2002], quoting *Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]).

Here, extrinsic proof is needed to determine the enforceability of the subject guarantees, in light of the conditional nature of those guarantees. Consequently, the action was not properly commenced pursuant to CPLR 3213, and the motion for summary judgment should have been denied (*see Kerin v Kaufman*, 296 AD2d at 338; *see also Weissman v Sinorm Deli*, 88 NY2d at 444; *Lawrence v Kennedy*, 95 AD3d at 957). Skelos, J.P., Lott, Roman and Cohen, JJ., concur.