■ SISTERS OF HOLY CHILD JESUS AT OLD WESTBURY, INC., Doing Business as HOLY CHILD ACADEMY, Respondent, v SHANE PALLOTTA, Appellant. [14 NYS3d 704]—

In an action to recover on two tuition contracts, commenced by motion for summary judgment in lieu of complaint pursuant

to CPLR 3213, the defendant appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated October 4, 2013, which granted the motion.

Ordered that the order is affirmed, with costs.

"Pursuant to CPLR 3213, a party may commence an action by motion for summary judgment in lieu of complaint when the action is 'based upon an instrument for the payment of money only or upon any judgment.' An instrument is considered to be for the payment of money only if it contains an unconditional promise to pay a sum certain over a stated period of time" (*Lawrence v Kennedy*, 95 AD3d 955, 957 [2012], quoting *Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]). " '[A] document comes within CPLR 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms' " (*Lawrence v Kennedy*, 95 AD3d at 957, quoting *Weissman v Sinorm Deli*, 88 NY2d at 444). "However, '[t]he instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document' " (*Lawrence v Kennedy*, 95 AD3d at 957, quoting *Weissman v Sinorm Deli*, 88 NY2d at 444). "A defendant can defeat a CPLR 3213 motion by offering evidentiary proof sufficient to raise a triable issue of fact" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383 [2004]). " '[A]verments merely stating conclusions, of fact or of law, are insufficient' to 'defeat summary judgment' " (*id.* at 383, quoting *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290 [1973]).

Here, the Supreme Court properly granted the plaintiff's motion for summary judgment in lieu of complaint (*see James DeLuca, M.D., P. C. v North Shore Med. Imaging*, 287 AD2d 488 [2001]). The plaintiff made a prima facie showing of its entitlement to summary judgment pursuant to CPLR 3213 by submitting the two subject contracts, each of which contained the defendant's unconditional promise to pay a sum certain, and evidence demonstrating the defendant's failure to make the payments called for by their terms (*see Lawrence v Kennedy*, 95 AD3d at 957; *Juste v Niewdach*, 26 AD3d 416, 417 [2006]). Contrary to the defendant's contention, in opposition to the plaintiff's motion, he failed to raise a triable issue of fact as to any circumstances that would alter his unconditional obligation to pay the amounts due (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 383; *Juste v Niewdach*, 26 AD3d at 417; *Paladino v Adelphi Univ.*, 89 AD2d 85 [1982]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment in lieu of complaint

pursuant to CPLR 3213. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.