255 Butler, LLC v Boymelgreen (2020 NY Slip Op 00392)





255 Butler, LLC v Boymelgreen


2020 NY Slip Op 00392


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-01263
 (Index No. 516074/18)

[*1]255 Butler, LLC, appellant, 
v
Shmuel Boymelgreen, respondent.


Heller, Horowitz & Feit, P.C., New York, NY (Stuart A. Blander and Eli Feit of counsel), for appellant.
Sills Cummis & Gross P.C., New York, NY (Mitchell D. Haddad and Lori Sapir of counsel), for respondent.



DECISION & ORDER
In an action to recover on a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated December 31, 2018. The judgment, upon an order of the same court dated December 19, 2018, denying the plaintiff's motion for summary judgment in lieu of complaint and granting that branch of the defendant's cross motion which was for summary judgment dismissing the action, is in favor of the defendant and against the plaintiff dismissing the action.
ORDERED that the judgment is affirmed, with costs.
In March 2013, the plaintiff, as landlord (hereinafter the landlord), entered into a lease with 255 Butler Associates, LLC (hereinafter the tenant), a limited liability company of which the defendant is the principal. In connection with the lease, the defendant executed a personal guaranty in favor of the plaintiff in which he agreed to be responsible for the payment of rent and performance obligations of the tenant under the lease.
In September 2015, the landlord served the tenant with a notice that the lease was being terminated due to the tenant's failure to cure alleged defaults. Thereafter, the tenant commenced an action seeking, inter alia, a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630) (hereinafter the Yellowstone action). In the Yellowstone action, on November 23, 2015, the landlord and the tenant entered into a so-ordered stipulation in which they agreed that the tenant would make monthly "use and occupancy" payments during the pendency of that litigation. By order dated March 23, 2017, the Supreme Court directed that the use and occupancy payments be made to the tenant's attorneys, to be held in escrow, rather than to the landlord. By order dated September 14, 2017, the court authorized the tenant to cease making any payments. The landlord appealed from the September 14, 2017 order (see 255 Butler Assoc., LLC v 255 Butler, LLC, 173 AD3d 651), and this Court directed the tenant to resume making the use and occupancy payments into escrow pending the determination of the appeal.
In August 2018, the landlord commenced this action against the defendant on the [*2]guaranty by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, arguing that the defendant had failed to make payments pursuant to the terms of the guaranty. Specifically, the landlord sought to recover the use and occupancy payments it did not receive from the tenant by virtue of the orders issued in the Yellowstone action, which were either paid into escrow or not paid at all, and the difference between the amount of the use and occupancy payments dictated by the so-ordered stipulation dated November 23, 2015, and the amount of rent that would have been due under a lease provision providing for an annual rent increase. The defendant cross-moved, inter alia, for summary judgment dismissing the action. By order dated December 19, 2018, the Supreme Court denied the landlord's motion for summary judgment in lieu of complaint and granted that branch of the defendant's cross motion which was for summary judgment dismissing the action. The court thereafter entered a judgment dated December 31, 2018, in favor of the defendant and against the landlord dismissing this action. The landlord appeals from the judgment.
"CPLR 3213 provides a means of obtaining an accelerated judgment where a defendant's liability is premised upon an instrument for the payment of money only, such as an unconditional guaranty" (Denjonbklyn, Inc. v Rojas, 154 AD3d 734, 734-735). "In order to recover on a guarantee, a plaintiff must establish that payment on the underlying debt was due" (Estate of Agnes M. Broche v Tai, 98 AD3d 601, 601; see Goodyear Tire & Rubber Co. v Azzaretto, 103 AD3d 880, 881). Here, the landlord failed to demonstrate its prima facie entitlement to judgment as a matter of law since it did not establish whether the tenant owed any debt covered by the guaranty.
By contrast, the defendant established, prima facie, its entitlement to judgment as a matter of law by showing that no payments subject to the guaranty were due (see PAF-PAR LLC v Silberberg, 118 AD3d 446, 446; Estate of Agnes M. Broche v Tai, 98 AD3d at 601; Sweeters v Hodges, 256 AD2d 185). The defendant submitted evidence that the landlord served a notice upon the tenant terminating the lease effective September 30, 2015, and that, pursuant to the so-ordered stipulation in the Yellowstone action, and subsequent court orders modifying it, requiring the tenant to pay use and occupancy pending the Yellowstone action litigation, the tenant made those payments pursuant to those orders. In opposition, the landlord failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination denying the landlord's motion for summary judgment in lieu of complaint and granting that branch of the defendant's cross motion which was for summary judgment dismissing the action.
In light of our determination, we need not reach the defendant's remaining contentions.
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court