Whitestone Plaza, LLC v You Lin Shen (2024 NY Slip Op 05129)

Whitestone Plaza, LLC v You Lin Shen

2024 NY Slip Op 05129

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-05714
 (Index No. 702524/22)

[*1]Whitestone Plaza, LLC, appellant, 
v
You Lin Shen, respondent.

Valiotis & Associates PLLC, Long Island City, NY (Katharine S. Santos of counsel), for appellant.
Geng & Associates, P.C., Flushing, NY (Andrew D. Solomon of counsel), for respondent.

DECISION & ORDER
In an action to recover on a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered July 6, 2022. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment in lieu of complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment in lieu of complaint is granted.
In April 2013, the plaintiff, as landlord, entered into a 10-year commercial lease with an adult day care center for certain real property in Queens. The defendant executed the lease in his capacity as principal of the corporate tenant and, contemporaneously therewith, executed a personal guaranty in which he unconditionally, absolutely, and irrevocably guaranteed the tenant's payment of rent and additional rent pursuant to the lease, among other obligations. In February 2022, after the tenant failed to pay rent and additional rent due under the lease, the plaintiff commenced this action to recover on the guaranty by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In an order entered July 6, 2022, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
"'CPLR 3213 provides a means of obtaining an accelerated judgment where a defendant's liability is premised upon an instrument for the payment of money only, such as an unconditional guaranty'" (255 Butler, LLC v Boymelgreen, 179 AD3d 876, 877, quoting Denjonbklyn, Inc. v Rojas, 154 AD3d 734, 734-735; see Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 730-731). "'In order to recover on a guarantee, a plaintiff must establish that payment on the underlying debt was due'" (255 Butler, LLC v Boymelgreen, 179 AD3d at 877, quoting Estate of Agnes M. Broche v Tai, 98 AD3d 601, 601). "'A defendant can defeat a CPLR 3213 motion by offering evidentiary proof sufficient to raise a triable issue of fact'" (Sisters of Holy Child Jesus at Old Westbury, Inc. v Pallotta, 131 AD3d 525, 526, quoting Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383). "'[A]verments merely stating conclusions, of fact or law, are insufficient to defeat summary judgment'" (id. [internal quotation marks omitted]; see Terminal Mktg. Co. v Murphy, 296 AD2d 399, 400).
Here, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by establishing the existence of the guaranty, the tenant's failure to pay rent and additional rent pursuant to the lease between 2018 and 2022 in the sum of $1,748,484.30, and the defendant's default on his obligations under the guaranty (see Barnaba Realty Group, LLC v Solomon, 121 AD3d at 731; North Fork Bank v ABC Merchant Servs., Inc., 49 AD3d 701, 701; Juste v Niewdach, 26 AD3d 416, 417). The presence of additional provisions in the guaranty referring to the defendant's assumption of the tenant's performance obligations in the lease did not constitute a bar to CPLR 3213 relief, since these provisions did not require additional performance by the plaintiff as a condition precedent to the defendant's payment or otherwise alter the defendant's promise of payment (see North Fork Bank v ABC Merchant Servs., Inc., 49 AD3d 701; Juste v Niewdach, 26 AD3d 416; Terminal Mktg. Co. v Murphy, 296 AD2d 399; Orix Credit Alliance v N.Y. Bell Bagel, 222 AD2d 566).
In opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the defendant's contention, he failed to demonstrate that Administrative Code of the City of New York § 22-1005, enacted in response to the COVID-19 pandemic, relieves him of his obligations under the guaranty. As is relevant to this appeal, Administrative Code § 22-1005 prevents enforcement of a guaranty against nontenant individual guarantors of a commercial lease for the tenant's default in paying rent for the period of March 7, 2020, through June 30, 2021, where the tenant was required to close in accordance with Executive Order (A. Cuomo) No. 202.7 (9 NYCRR 8.202.7). Executive Order 202.7 closed "all barbershops, hair salons, tattoo or piercing parlors and related personal care services," including "nail technicians, cosmetologists and estheticians, and the provision of electrolysis, [and] laser hair removal services." Here, however, the defendant did not allege that the tenant actually closed in response to Executive Order 202.7 and otherwise offered only conclusory statements and unsubstantiated allegations concerning whether the tenant's adult day care center fell within the class of businesses to which it applied (see Zuckerman v City of New York, 49 NY2d 557; Knickerbocker Retail LLC v Bruckner Forever Young Social Adult Day Care Inc., 204 AD3d 536, 538; iPayment, Inc. v Silverman, 192 AD3d 586, 587).
The parties' remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment in lieu of complaint.
BARROS, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court