| |
|---|
| **Mora v Superblue Holdings, PBC** |
| 2025 NY Slip Op 32282(U) |
| June 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 651643/2025 |
| Judge: Anar Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

JORGE MORA

                    Plaintiff,

         - v -

SUPERBLUE HOLDINGS, PBC,

                Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651643/2025 |
| **MOTION DATE** | 03/24/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL**:

      The following e-filed documents, listed by NYSCEF document number (Motion 001) 2–6, 9–28 were read on this motion to/for <u>SUMMARY JUDGMENT IN LIEU OF COMPLAINT</u>.

      Plaintiff Jorge Mora ("Plaintiff") moves pursuant to CPLR § 3213 for summary judgment in lieu of complaint against Defendant Superblue Holdings, PBC ("Defendant") in the amount of $632,860.48, which includes interest, plus interest at the rate of 8% *per annum*, compounded quarterly from March 25, 2025 to the entry of judgment.  NYSCEF Doc. No. 5 (Mem. of Law in Supp.).  For the reasons set forth below, Plaintiff's motion is granted.

<u>Relevant Factual and Procedural History</u>

      In or around April 2022, Plaintiff loaned Defendant $500,000 ("Initial Principal Amount"). NYSCEF Doc. No. 3 (Mora Aff.) at ¶ 2.  This agreement was formalized on April 4, 2022 ("Effective Date") in the form of a convertible promissory note ("Note") signed an executed by both parties.  NYSCEF Doc. No. 4 (Note).  The Note explicitly states that Defendant "hereby unconditionally promises to pay" to Plaintiff the Initial Principal Amount together with accrued interest (together with the Initial Principal Amount, "Outstanding Principal Amount") from the Effective Date until the Outstanding Principal Amount was paid.  Note at §§ 3-4.  Defendant had until April 4, 2023, ("Maturity Date") to pay the Outstanding Principal Amount, though the Note allowed for prepayment of the Outstanding Principal Amount at any time without penalty or premium.  *Id*. at § 3.  On the Effective Date, a $500,000 wire transfer was made to Defendant on Plaintiff's behalf.  Mora Aff. at ¶ 2; NYSCEF Doc. No. 28 (Wire Confirmation).

      The Note contained a conversion option that allowed Plaintiff to convert the Outstanding Principal Amount to the proportional value of Defendant's series A preferred stock.[1]  Note at § 5. In the event the conversion option was exercised, the Note was to be cancelled, and payment of

---

[1] Defendant's series A preferred stock carried a $0.0001 par value.  Note at § 1.

**651643/2025   MORA, JORGE vs. SUPERBLUE HOLDINGS, PBC**                    **Page 1 of 6**
**Motion No.  001**

1 of 6

the Outstanding Principal Amount was no longer an obligation of Defendant. *Id*. at § 5.1. Plaintiff did not exercise the conversion option provided by the Note. NYSCEF Doc. No. 2 at ¶ 3 (Mora Reply Aff.).

Section 6 of the Note defines an event of default as a failure to pay "(a) the Outstanding Principal Amount when due; or (b) interest or any other amount when due and such failure continues for 5 days after written notice by the Noteholder to the Maker." *Id*. at § 6.1. Section 8 provides that, in the event of a default:

> [Plaintiff] may at its option, by written notice to the [Defendant] (a) declare the entire Outstanding Principal Amount as of such date, together with all accrued interest thereon and all other amounts payable hereunder, immediately due and payable and/or (b) exercise any or all of its rights, powers or remedies under applicable law.

The Note contains a waiver provision in which Defendant agrees to waive "presentment, demand for payment, protest, notice of dishonor, notice of protest or nonpayment, notice of acceleration of maturity and diligence in connection with the enforcement of this Note or the taking of any action to collect sums owing hereunder." *Id*. at § 9.4. Additionally, the Note contains a provision governing execution, which stipulates "[d]elivery of an executed counterpart of a signature page to this Note by facsimile or in electronic (i.e., 'pdf' or 'tif') format shall be effective as delivery of a manually executed counterpart of this Note." *Id*. at § 9.2. Millie Dent-Brocklehurst, then Chief Executive Officer of Defendant, executed the Note using an electronic signature. NYSCEF Doc. No. 17 at ¶ 10 (Dolan Aff.)

On the Maturity Date, Defendant did not render the Outstanding Principal Amount. On November 1, 2024, Plaintiff, *via* counsel, demanded the immediate payment due pursuant to Section 8 of the Note. NYSCEF Doc. No. 6 ("Demand Letter"). Despite Plaintiff exercising his right under Section 8 of the Note, payment was never received. Mem. of Law in Supp. at 5. As of March 24, 2025, the date Plaintiff filed the summons ("Summons") and the present motion, the Outstanding Principal Amount had reached a total of $632,860.48, with interest. *Id*.; NYSCEF Doc. No. 1. In support of the Motion, Plaintiff filed an Affirmation of Plaintiff, an Affirmation of Plaintiff's counsel, the Note, the Demand Letter, and the Wire Confirmation. NYSCEF Doc. Nos. 3–6, 28.

Defendant rebuts that Plaintiff is not entitled to judgment as a matter of law because: (1) the Note is not an instrument for the payment of money only because it requires reference to external evidence and (2) the motion raises genuine issues of fact where: (i) Plaintiff did not provide evidentiary support of the loan; (ii) Plaintiff was silent in his moving papers as to whether he exercised the conversion option; (iii) the Note does not allow for electronic signatures; (iv) the Note was rejected by Defendant's Board of Directors; and (v) the Note was precluded by Defendant's Second Amended Certificate of Incorporation. Defendant submits in support the Affirmation of Daniel Dolan, current Chief Executive Officer of Defendant. NYSCEF Doc. No. 17. On May 12, 2025, Defendant filed a Supplemental Affirmation of Mr. Dolan withdrawing claims (iv) and (v) above. NYSCEF Doc. No. 23 at 2 (Dolan Suppl. Aff.). On May 14, 2025, Plaintiff filed the Reply addressing each of Defendant's claims along with supporting documents in the form of a further Affirmation and the Wire Confirmation. NYSCEF Doc. Nos. 27, 28.

651643/2025  **MORA, JORGE vs. SUPERBLUE HOLDINGS, PBC**
Motion No.  001

Page 2 of 6

2 of 6

**Legal Analysis**

CPLR § 3213 provides an expedited path to resolution when an action is based upon "documentary claims so presumptively meritorious that a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is needless." *Weissman v. Sinorm Deli*, 88 N.Y.2d 437, 443 (1996) (internal quotations omitted). "When an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a motion for summary judgment and the supporting papers in lieu of a complaint." CPLR § 3213. "An unconditional guaranty is an instrument for the payment of 'money only' within the meaning of CPLR § 3213." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. ("Rabobank, Intl.") v. Navarro*, 25 N.Y.3d 485, 492 (2015).

"To meet its prima facie burden on its summary judgment motion, [Plaintiff] must prove 'the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty.' Thereafter, 'the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense.'" *Id*. "However, the prima facie case for such relief requires documentary evidence or an explanation of how the indebtedness is calculated, other than in the form of mere conclusory allegations." *HSBC Bank USA v. IPO, LLC*, 290 A.D.2d 246, 246 (1st Dept. 2002).

Here, Plaintiff has satisfied his *prima facie* burden by submitting the Note executed by Plaintiff and Defendant on April 4, 2022, which evidence an unconditional promise to pay the Initial Principal Amount with interest, as well as documentation evidencing the loan amount was wired to Defendant and that Defendant has failed to pay in accordance with the Note. *See DB 232 Seigel Mezz LLC v. Moskovits*, 223 A.D.3d 610, 611 (1st Dept. 2024). Accordingly, Plaintiff has established entitlement to recover under the Note, and Defendant has raised no issues of fact that preclude recovery.

*Instrument for the Payment of Money Only*

In the context of CPLR § 3213, the payment for money only means "an unconditional guaranty." *Navarro*, 25 N.Y.3d at 492. When payment under the instrument requires something in addition to defendant's explicit promise to pay a sum of money, CPLR 3213 is unavailable. *Weissman*, 88 N.Y.2d at 444. "[T]he instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document." *Id*. As provided by both CPLR §§ 3212(b) and 2106 respectively, a "motion for summary judgment shall be supported by affidavit," and an affirmation "may be used in an action in New York in lieu of and with the same force and effect as an affidavit." Defendant argues "there are a whole host of reasons why the alleged [Note] cannot be considered an instrument for the payment of money only." Mem. of Law in Opp'n at 8.

A. Inclusion of Affirmations in Support

First, Defendant argues that the Note requires extrinsic evidence to prove that Plaintiff did in fact loan the Initial Principal Amount to Defendant. Mem. of Law in Opp'n at 8–9. The extrinsic evidence Defendant refers to is the Affirmation submitted by Plaintiff supporting his motion. NYSCEF Doc. No. 3 ("Mora Aff."). Defendant argues that because of the need of the Mora

651643/2025  **MORA, JORGE vs. SUPERBLUE HOLDINGS, PBC**  **Page 3 of 6**
**Motion No.  001**

3 of 6

[* 3]

Affirmation, "Plaintiff has taken the alleged [Note] outside of the purview of a CPLR 3213 motion for summary judgment in lieu of complaint."  Mem. of Law in Opp'n at 9.

Arguing the submission of the Mora Affirmation is extrinsic evidence, therefore, removing this claim from the purview of CPLR § 3213 is wrong as a matter of law.  A motion for summary judgment in lieu of complaint must be submitted with supporting papers, including an affidavit or affirmation.  CPLR §§ 3212(b), 3213; *see also Bank of Am., N.A. v. Solow*, 874 N.Y.S.2d 48 (1st Dept. 2009) ("Recourse to CPLR 3213 was appropriate, since the guaranty was 'an instrument for the payment of money only.'  The fact that the obligations guaranteed were evidenced in a series of underlying [documents] did not alter this fact, where the amount due was… plain on the face of the document.").  Defendant's reliance on *Lawrence v. Kennedy,* 95 A.D.3d 955, 957 (2d Dept. 2012*)* is misplaced because, there, the agreement at issue was "part of an integrated contract" which wove performance into the payment structure.  *Id*. at 957.  Thus, proof of performance outside of the agreement itself was needed.  The Mora Affirmation is a supporting document permitted by CPLR § 3213, and thus is not impermissible extrinsic evidence.  The Note stands on its own, unlike the agreement in *Lawrence*, and no further documentation is required to show any conditions of payment of the Note.

### B.  Inclusion of Conversion Option

Next, Defendant argues that because the Plaintiff's moving papers were silent on whether the conversion option was exercised, extrinsic evidence is needed to prove "he did not exercise his right to convert the alleged loan within the [c]onversion [p]eriod because, if he did convert, 'the Note [would have been] cancelled.'"  Mem. of Law in Opp'n at 11.  Although Plaintiff did not address the conversion option in his initial Motion, the conversion option "does not deprive the note of its basic character as one for the payment of money only."  *Horne v. Law Research Serv., Inc.*, 35 A.D.2d 931, 931 (1st Dept. 1970).  "Moreover, at the time the note was placed in litigation the right of conversion had long since expired."  *Id*.  The inclusion of the conversion option does not eclipse the fact that the Note is an instrument for the payment of money only.  Further, the conversion option expired on the Maturity Date, far before this litigation commenced.  Note at §§ 1, 5.1.  Additionally, Plaintiff submitted the Mora Reply Affirmation evidencing that the conversion option was not exercised.  Mora Reply Aff. at ¶ 3.

### C.  Right to Assert Counterclaims and Defenses

Defendant cites to *Lawrence* for the proposition that the Note is not an instrument for the payment of money only because it fails to waive Defendant's right to assert counterclaims and defenses. Mem. of Law in Opp'n at 12.  Defendants' argument is unsupported by the evidence as, in Section 9.4 of the Note, Defendant waives "presentment, demand for payment, protest, notice of dishonor, notice of protest or nonpayment, notice of acceleration of maturity and diligence in connection with the enforcement of this Note or the taking of any action to collect sums owing hereunder."  While the Court in *Lawrence* found the trial court was correct in rejecting the motion for summary judgment in lieu of complaint in part because the defendant did not waive its right to assert defenses or counterclaims, the Court clarified that agreement was "part of an integrated employment contract" which did not stand alone and required "outside proof… to determine if the plaintiff satisfied his obligation."  *Lawrence*, 95 A.D.3d at 957–58.  This is distinct from the Note,

651643/2025   **MORA, JORGE vs. SUPERBLUE HOLDINGS, PBC**                                                      **Page 4 of 6**
**Motion No.  001**

4 of 6

which stands on its own and is not contingent on any other waiver, or other provisions, in separate agreements.

*Issues of Fact*

    A.  Evidence Establishing Plaintiff's Performance

Defendant argues that Plaintiff has not proffered sufficient evidence establishing that Plaintiff performed his obligations pursuant to the Note, namely that Plaintiff loaned Defendant $500,000. Mem. of Law in Opp'n at 13. "The statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit." CPLR § 2106. Affidavits are often accepted as evidence of in CPLR § 3213 motions. *See, e.g., European Am. Bank & Tr. Co. v. Schirripa*, 485 N.Y.S.2d 763 (1st Dept. 1985); *Council Com. Corp. v. Paschalides*, 459 N.Y.S.2d 463 (2d Dept. 1983). Here, Plaintiff affirms that "on or about April 4, 2022, $500,000 was wired to [Defendant] in accordance with [the Note]." Mora Aff. at ¶ 2.

Even assuming, *arguendo*, the Mora Affirmation alone is insufficient, Plaintiff cures any error on Reply. Plaintiff affirms that "[o]n April 4, 2022, a wire transfer in the total amount of $1,000,000 was sent to [Defendant], consisting of $500,000 from [Plaintiff] and $500,000 from Marc Glimcher… The $500,000 from me represents the loan memorialized in the Note at issue in this action." Mora Reply Aff. at ¶ 2. Plaintiff submits the Wire Confirmation, which consists of emails from Plaintiff authorizing the wire transfer and Defendant acknowledging receipt of the transfer. Wire Confirmation; Mora Reply Aff. at ¶ 2.

    B.  Evidence of Conversion Option

Defendant argues that the lack of evidence as to the exercise of the conversion option precludes entitlement to summary judgment. Mem. of Law in Opp'n at 13–14. "The conversion option contained in the note does not alter the fact that the note is 'an instrument for the payment of money only' and a proper subject of a motion pursuant to CPLR 3213." *Simon v. Indus. City Distillery, Inc.*, 72 N.Y.S.3d 76, 77 (1st Dept. 2018). A conversion option only bars a motion pursuant to CPLR § 3213 when a party provides proof that the conversion option may have been exercised. *Id.* at 506 ("Defendant also failed to provide proof that the note was converted into its common stock").

Thus, Defendant must produce documentary evidence showing the conversion option has been exercised, which Defendant fails to do. Nonetheless, Plaintiff establishes that he "never exercised the conversion option set forth in the Note, nor did [Plaintiff] take any action to do so… no conversion demand was ever made by [Plaintiff] or on [Plaintiff's] behalf." Mora Reply Aff. at ¶ 3. Because : (1) the conversion option does not displace the Note's status as an instrument for the payment of money only; (2) Defendant has failed to provide proof of Plaintiff exercising the conversion option; and (3) Plaintiff has provided further proof that the conversion option was not exercised, Defendant's argument is unavailing.

C. <u>Use of Electronic Signatures and File Formats</u>

Defendant further states Plaintiff's Motion cannot be granted because the Note was signed by Defendant using an electronic signature. Mem. of Law in Opp'n at 14. Defendant alleges that the Note does not provide electronic signature as an option. *Id*. Section 9.2 of the Note states "[d]elivery of an executed counterpart of a signature page to this Note by facsimile or in electronic (i.e., 'pdf' or 'tif') format shall be effective as delivery of a manually executed counterpart of this Note." Note at § 9.2. Under Defendant's tortured interpretation of the Note, Section 9.2 requires a wet ink signature that is then scanned and delivered in pdf or tif format. Mem. of Law in Opp'n at 14. However, Defendant does not identify any provision in the Note that states a wet signature is required. At best, Section 9.2 simply allows for signatures to be transmitted electronically regardless of whether it is a wet or electronic signature. Notably, Defendant does not argue that the signature of its then-CEO was unauthorized or forged. *See* Pl. Reply Mem. of Law at 10.

The Court has considered the parties' remaining contentions, and find them to be unavailing.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment in Lieu of Complaint against Defendant is granted; and it is further

**ORDERED** that the Clerk is directed to enter a judgment in favor of Plaintiff Jorge Mora against Defendant Superblue Holdings, PBC in the amount of $632,860.48, which includes interest, plus interest at the rate of 8% *per annum*, compounded quarterly from March 25, 2025 to the entry of judgment, based on the express terms of the Note, as calculated by the Clerk of the Court and upon Plaintiff's e-filing of a Proposed Judgment directed to the County Clerk, and it is further

**ORDERED** that within seven (7) days of entry of this Order, Plaintiff shall serve a copy of this Order with notice of entry on Defendant by overnight mail.

The foregoing constitutes the Decision and Order of this Court.

20250621074044ARPATEL8E3C65BB0385A0EDB01E8252C9EB5365

| 6/21/2025 | | | ANAR R. PATEL, A.J.S.C. |
| DATE | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

651643/2025 MORA, JORGE vs. SUPERBLUE HOLDINGS, PBC Page 6 of 6
Motion No. 001

[* 6]