■ LARKFIELD MANOR, INC., Respondent, v KBK ENTERPRISES, LLC, Appellant. [772 NYS2d 591]—

In an action to recover on a mortgage note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Catterson, J.), dated December 18, 2002, as granted the motion, and is in favor of the plaintiff and against it in the amount of $436,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment in lieu of complaint is denied.

The plaintiff made this motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking to recover on a mortgage note executed by the defendant in connection with an asset-purchase agreement between the plaintiff and a nonparty, Li Gabriel Martin, an affiliate of the defendant. The note provided, in relevant part, that the "principal sum secured by this note shall become due at the option of the holder thereof on the happening of any default or event by which, under the terms of the mortgage securing this note, said principal sum may or shall become due and payable; also, that all of the covenants, conditions and agreements contained in said mortgage are hereby made part of this instrument."

The plaintiff's motion for summary judgment in lieu of complaint was supported by the note and an affidavit of its vice president, averring that the defendant did not pay the first installment of the note when due. However, proof of the note and failure to make payments did not establish plaintiff's prima facie entitlement to summary judgment pursuant to CPLR 3213 since the note, by its express terms, required that reference be made to the mortgage to define a default (*see Manufacturers Hanover Trust Co. v Hixon,* 124 AD2d 488, 488-489 [1986]; *cf. Gregorio v Gregorio,* 234 AD2d 512 [1996]). Therefore, the plaintiff's submission of the note and evidence of the defendant's failure to pay were insufficient to make out a prima facie case for CPLR 3213 purposes (*see Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151 [1975]).

However, we reject the defendant's contention that its opposition to the motion raised an issue of fact as to whether it was obligated on the mortgage note. The defendant's allegations of fraudulent concealment of the true condition of the premises pertain to the real estate contract between the parties, and are irrelevant to the defendant's liability on the mortgage note which was executed in connection with the sale of the assets of the business, pursuant to a separate agreement. S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.