■ Elio J. Ippolito, Respondent, v Family Medicine of Tarrytown and Ossining, LLP, et al., Appellants. [847 NYS2d 681]—

In an action to recover on an instrument for the payment of money, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), dated January 8, 2007, which granted the motion, and (2) so much of an order of the same court, dated March 19, 2007, as denied their cross motion for leave to renew their opposition to the plaintiff's prior motion for summary judgment in lieu of complaint.

Ordered that the order dated January 8, 2007 is reversed, on the law, and the motion for summary judgment in lieu of complaint is denied; and it is further,

Ordered that the appeal from the order dated March 19, 2007 is dismissed as academic, in light of our determination of the appeal from the order dated January 8, 2007; and it is further,

Ordered that one bill of costs is awarded to the defendants.

"[A] document comes within CPLR 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms . . . The instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996] [citations omitted]; *see Stallone v Rostek*, 27 AD3d 449, 450 [2006]).

In this case, the Supreme Court should have denied the plaintiff's motion for summary judgment in lieu of complaint because outside proof was needed to determine the amount due to the plaintiff, if any, under the subject note (*see Stallone v Rostek*, 27 AD3d 449, 450 [2006]). Miller, J.P., Ritter, Skelos and Covello, JJ., concur.