■ ELIOT F. BLOOM, Respondent, v RUSSELL LUGLI et al., Appellants. [916 NYS2d 139]—

In an action to recover money allegedly owed under a certain agreement, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Warshawsky, J.), entered November 19, 2009, which, in effect, granted the motion and is in favor of the plaintiff and against them in the principal sum of $350,000.

Ordered that the order and judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment in lieu of complaint is denied, and the motion and answering papers are deemed to be the complaint and answer, respectively.

On August 15, 2006, the plaintiff and the defendant Northwestern Consultants, Inc. (hereinafter Consultants), entered into a joint venture agreement for the purpose of, among other activities, developing residential condominiums on property in Bay Shore. The joint venture agreement provided that Consultants would have a 55% ownership interest and the plaintiff a 45% ownership interest. According to article X (10) (d) of the joint venture agreement, the plaintiff was responsible, inter alia, for filing and obtaining the necessary "zoning & developmental approvals."

Thereafter, on October 5, 2007, the plaintiff and the defendant Russell Lugli, on his own behalf and on behalf of Consultants, entered into an agreement to amend the joint venture agreement to reflect the plaintiff's sale of his rights and interest in both the development project in Bay Shore and the joint venture to the defendants for a total sum of $450,000. The $450,000 was to be paid to the plaintiff in three installments. The first $100,000 was paid at the time the agreement was signed. The second installment of $175,000 was to be paid on or before April 1, 2008, and the third installment in the amount of $175,000 was to be paid on October 1, 2008.

The fourth paragraph of the agreement dated October 5, 2007, provided that the plaintiff would continue to represent the defendants and the joint venture "in order to provide all legal representation necessary to complete the project with no fees to be charged."

The defendants failed to pay the plaintiff the second and third installments totaling $350,000. The plaintiff commenced this action to recover money owed under the agreement, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendants opposed the motion on the ground, inter alia, that the agreement was not an instrument for the payment of money only. The Supreme Court granted the plaintiff's motion, and judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $350,000. The defendants appeal.

Pursuant to CPLR 3213, a party may bring a motion in lieu of complaint when the action is "based upon an instrument for the payment of money only or upon any judgment." If an instrument contains an unconditional promise to pay a sum certain over a stated period of time, it is considered an instrument for the payment of money only (see Comforce Telecom, Inc. v Spears Holding Co., Inc., 42 AD3d 557 [2007]; Gregorio v Gregorio, 234 AD3d 512 [1996]).

"The instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996]; see Ro & Ke, Inc. v Stevens, 61 AD3d 953 [2009]; Stallone v Rostek, 27 AD3d 449 [2006]). The test as to when a document qualifies as an instrument for the payment of money only under CPLR 3213 is as follows: "Where the instrument requires something in addition to defendant's explicit promise to pay a sum of money, CPLR 3213 is unavailable. Put another way, a document comes within CPLR 3213 'if a prima facie case would be made out by the instrument and a

failure to make the payments called for by its terms.' " (*Weissman v Sinorm Deli*, 88 NY2d at 444 [citations omitted]; *see Stallone v Rostek*, 27 AD3d 449, 450 [2006]; *Larkfield Manor v KBK Enters.*, 5 AD3d 444, 444-445 [2004]; *Eisenberg v HSBC Payment Serv. (USA)*, 307 AD2d 950, 951 [2003]).

Here, the plaintiff failed to establish that the subject agreement was an instrument for the payment of money only. The terms of the sale of the plaintiff's interest in the joint venture to the defendants was subject to the continuation by the plaintiff of his legal representation of the defendants and the joint venture. Therefore, outside proof would be required to determine if the plaintiff satisfied his obligations pursuant to the agreement (*see Ippolito v Family Medicine of Tarrytown & Ossining, LLP*, 46 AD3d 752, 753 [2007]).

The Supreme Court failed to interpret the agreement as drafted and improperly severed the plaintiff's obligation to continue providing legal representation from the remainder of the agreement. Having done so, the Supreme Court erred in granting judgment in favor of the plaintiff on his motion brought pursuant to CPLR 3213 (*see Ippolito v Family Medicine of Tarrytown & Ossining, LLP*, 46 AD3d 752 [2007]; *Stallone v Rostek*, 27 AD3d 449 [2006]).

The parties' remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Florio, Belen and Austin, JJ., concur.