US Premium Fin. v Sky Materials Corp. (2020 NY Slip Op 02493)





US Premium Fin. v Sky Materials Corp.


2020 NY Slip Op 02493


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-13763
 (Index No. 605600/18)

[*1]US Premium Finance, appellant,
v
Sky Materials Corp., et al., respondents.


Steven G. Legum, Mineola, NY, for appellant.
Cole Schotz P.C., New York, NY (Brian L. Gardner and Jed M. Weiss of counsel), for respondents.



DECISION & ORDER
In an action to recover on an instrument for the payment of money, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered November 2, 2018. The order denied the plaintiff's motion.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 against the defendants, Sky Materials Corp. (hereinafter Sky Corp.) and Michael Cholowsky, seeking to recover the sum of $2,835,925.70. The plaintiff alleges that Sky Corp. owes the money to it in connection with six premium finance agreements (hereinafter the agreements) between the parties. According to the plaintiff, Sky Corp. failed to make the agreed-upon monthly payments and the agreements were personally guaranteed by Cholowsky. The Supreme Court denied the motion. We affirm.
Relief pursuant to CPLR 3213 for summary judgment in lieu of complaint is unavailable when proof outside the purported instrument for money is needed, other than simple proof of nonpayment or a de minimis deviation from the face of the document (see Weissman v Sinorm Deli, 88 NY2d 437, 444). "Where the instrument requires something in addition to [the] defendant's explicit promise to pay a sum of money, CPLR 3213 is unavailable" (id. at 444). In other words, an instrument falls within CPLR 3213 if a prima facie case can be made out by the instrument and a failure to make the payments mandated by its terms (see id.; see also Bloom v Lugli, 81 AD3d 579, 580-581).
Here, the plaintiff failed to demonstrate that the six agreements were instruments by which the defendants expressly obligated themselves to make required payment of sums certain. Paragraph two in each of the six identical agreements controls the terms of payment to the plaintiff and provides that the plaintiff is entitled to receive any unearned premiums from canceled insurance policies from the defendants' insurers and the defendants are entitled to receive a credit for the same [*2]against any outstanding balance of the loans and are "liable for any [remaining] deficiency" (emphasis added). Since outside proof is required to determine if there is any deficiency after payment of the unpaid premiums to the plaintiff (see Bloom v Lugli, 81 AD3d at 581), the plaintiff
failed to show that the instruments met the threshold requirement of CPLR 3213, and relief pursuant to CPLR 3213 is unavailable (see Weissman v Sinorm Deli, 88 NY2d at 445).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213.
The plaintiff's remaining contentions need not be reached in light of your determination.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court