Express Valentine Auto Repair Shop, Inc. v New York Taxi 2, Inc. (2020 NY Slip Op 03644)





Express Valentine Auto Repair Shop, Inc. v New York Taxi 2, Inc.


2020 NY Slip Op 03644


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2017-09107
 (Index No. 602914/17)

[*1]Express Valentine Auto Repair Shop, Inc., et al., respondents, 
v
New York Taxi 2, Inc., et al., appellants.


Tini Law P.C., Copiague, NY (Francesco P. Tini of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note and a personal guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from a judgment of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered August 21, 2017. The judgment, upon an order of the same court dated May 23, 2017, among other things, granting the plaintiffs' motion for summary judgment in lieu of complaint, enjoined the defendants from, inter alia, selling or otherwise transferring any and all property held, and is in favor of the plaintiffs and against the defendants New York Taxi 2, Inc., Town Taxi, Inc., doing business as New York Taxi 12-16, and Gianmarco Calderon in the principal sum of $178,752.56.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiffs' motion for summary judgment in lieu of complaint is denied, and the order dated May 23, 2017, is modified accordingly.
On July 14, 2014, the defendant New York Taxi 2, Inc. (hereinafter New York Taxi), as purchaser, entered into an asset sale/purchase agreement with the plaintiffs, as seller, to purchase a taxi company known as Express Valentine, Inc., the predecessor corporation to the plaintiff Express Valentine Auto Repair Shop, Inc. In conjunction with the agreement, New York Taxi, by its president, the defendant Gianmarco Calderon, executed a promissory note in favor of Express Valentine, Inc., in the principal sum of $300,000. Calderon also executed a guaranty in which he personally guaranteed "the full and prompt payment and performance of all of [the] obligations under [the] promissory note."
In November 2016, New York Taxi allegedly defaulted on its payment obligation under the promissory note. Thereafter, the plaintiffs commenced this action against New York Taxi, Town Taxi, Inc., doing business as New York Taxi 12-16, a successor in interest to New York Taxi, Calderon (hereinafter collectively the defendants), and Louis Rodriguez, an owner of New York Taxi, by the filing of a summons and complaint, and pursuant to CPLR 3213 by motion for summary judgment in lieu of complaint. In an order dated May 23, 2017, the Supreme Court, inter alia, granted the plaintiffs' motion for summary judgment in lieu of complaint. A judgment was subsequently entered upon the order enjoining the defendants and Rodriguez from, inter alia, selling or otherwise transferring any and all property held, and in favor of the plaintiffs and against the defendants in the principal sum of $178,752.56. The defendants and Rodriguez appeal from the judgment.
Pursuant to CPLR 3213, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law with respect to a promissory note if it shows "the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (Lugli v Johnston, 78 AD3d 1133, 1135; see Porat v Rybina, 177 AD3d 632). "Where the instrument requires something in addition to defendant's explicit promise to pay a sum of money, CPLR 3213 is unavailable" (Weissman v Sinorm Deli, 88 NY2d 437, 444). Once the plaintiff has established its prima facie entitlement to judgment as a matter of law, "the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense" (Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789; see Porat v Rybina, 177 AD3d at 632; Quest Commercial, LLC v Rovner, 35 AD3d 576).
Here, the plaintiffs failed to establish, prima facie, that the subject promissory note was an instrument for the payment of money only (see Bloom v Lugli, 81 AD3d 579, 581). In support of their motion, the plaintiffs submitted the promissory note, which refers to the asset sale/purchase agreement and provides the defendants with "an absolute right of set-off against the entire unpaid principal balance of [the] Note based upon any and all provisions of the Asset Sale/Purchase Agreement." Under the circumstances, "outside proof" was required, "other than simple proof of nonpayment," to establish the plaintiffs' prima facie case (Weissman v Sinorm Deli, 88 NY2d at 444; see Lawrence v Kennedy, 95 AD3d 955, 957; see also Jason J. Weindorf, CPA, P.C. v Wightman, 133 AD3d 822). The plaintiffs' failure to make a prima facie showing required the denial of its motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we disagree with the Supreme Court's determination to grant the plaintiffs' motion for summary judgment in lieu of complaint.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court