Counsel Fin. II LLC v Bortnick (2023 NY Slip Op 01441)

Counsel Fin. II LLC v Bortnick

2023 NY Slip Op 01441

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

972 CA 21-01640

[*1]COUNSEL FINANCIAL II LLC, PLAINTIFF-RESPONDENT,
v
BLAINE H. BORTNICK, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WOODS OVIATT GILMAN LLP, BUFFALO (WILLIAM F. SAVINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an amended judgment of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered October 28, 2021. The amended judgment awarded plaintiff the sum of $4,547,867.38 as against defendant. 
It is hereby ORDERED that the amended judgment so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff, a commercial lending institution specializing in the business of providing loans to law firms, sought by motion for summary judgment in lieu of complaint (see CPLR 3213) to recover from defendant on a revolving promissory note (note) executed by a law firm and allonges thereto, and on a guaranty for payment and performance (guaranty) (collectively, financial instrument) for the note executed by defendant and other partners then with the law firm. Monies advanced under the line of credit evidenced by the note were for the purpose of satisfying the law firm's preexisting debt with a bank, paying any existing tax lien up to a certain amount, and funding the law firm's operating expenses or interest payments due under the note. The guaranty obligated defendant and the other then-partners to "irrevocably, absolutely and unconditionally" guarantee to plaintiff "the punctual payment and performance" of the debt owed by the law firm and to waive all defenses thereto. Defendant appeals in appeal No. 1 from an order granting plaintiff's motion, and he appeals in appeal No. 2 from an amended judgment awarding plaintiff damages in the amount of $4,547,867.38.
We note at the outset that appeal No. 1 must be dismissed inasmuch as the right to appeal from the order granting plaintiff's motion for summary judgment in lieu of complaint terminated upon the subsequent entry of the amended judgment in appeal No. 2 (see Matter of Aho, 39 NY2d 241, 248 [1976]; Wiedenhaupt v Hogan [appeal No. 2], 89 AD3d 1525, 1526 [4th Dept 2011]). Nonetheless, the appeal from the amended judgment in appeal No. 2 "brings up for review" the order in appeal No. 1, "which necessarily affects the final judgment" here (CPLR 5501 [a] [1]; see Aho, 39 NY2d at 248).
Defendant first contends that the guaranty is not a qualifying instrument under CPLR 3213 because, in addition to guaranteeing the law firm's obligation to make payment under the note, it contains language obligating defendant and the other then-partners to guarantee performance under the note. Even assuming, arguendo, that defendant's contention "involves an issue 'of law appearing on the face of the record that [plaintiff] could not have countered had it been raised in the court of first instance' and thus may be raised for the first time on appeal" (Drisdom v Niagara Falls Mem. Med. Ctr., 53 AD3d 1142, 1143 [4th Dept 2008]; see 27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 631 [1st Dept 2021], lv denied 37 NY3d 913 [2021]), we conclude that it lacks merit (see Counsel Fin. Holdings LLC v Sullivan Law, L.L.C. [appeal No. 2], 208 AD3d 1028, 1030 [4th Dept 2022] [Sullivan Law]).
We agree with defendant, however, that the action is not "based upon an instrument for the payment of money only" (CPLR 3213) because defendant's liability cannot be ascertained without resort to impermissible extrinsic evidence outside the financial instrument. Pursuant to CPLR 3213, "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." The statute thus "recognizes that some claims have greater presumptive merit than others and should have easier access to the courts than an ordinary plenary action gets. It singles out these claims and permits them to be brought on by a summary judgment motion at the outset" (David D. Siegel & Patrick M. Connors, New York Practice § 288 at 543 [6th ed 2018] [Siegel & Connors]). Indeed, CPLR 3213 "was enacted to provide quick relief on documentary claims so presumptively meritorious that a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is needless" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 491-492 [2015] [Cooperatieve Centrale] [internal quotation marks omitted]; see Weissman v Sinorm Deli, 88 NY2d 437, 443 [1996]). Under the "stringent" requirement that the action be based upon an instrument for the payment of money only, "a document comes within CPLR 3213 'if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms' " (Weissman, 88 NY2d at 443-444, quoting Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 155 [1975]). Conversely, "[t]he instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (id. at 444).
"An unconditional guaranty is [typically] an instrument for the payment of 'money only' within the meaning of CPLR 3213" (Cooperatieve Centrale, 25 NY3d at 492), and a plaintiff seeking to recover on an unconditional guaranty of a note that extended a line of credit is entitled to rely upon de minimis extrinsic evidence such as a line of credit statement to establish the amount of the underlying debt (see generally Sullivan Law, 208 AD3d at 1030; Stache Invs. Corp. v Ciolek, 174 AD3d 1393, 1393 [4th Dept 2019]; Counsel Fin. Servs., LLC v David McQuade Leibowitz, P.C., 67 AD3d 1483, 1484 [4th Dept 2009]). Here, however, plaintiff's action is not based on defendant's capped liability under the guaranty as modified by the allonges to the note with simple evidence such as a line of credit statement that the total underlying debt exceeded that amount. Instead, plaintiff seeks to recover the amount of defendant's capped liability as reduced by the amount of two contingency fees that defendant arranged to have paid to plaintiff for which the parties separately agreed, upon defendant's offer and plaintiff's acceptance, that defendant would receive a dollar-for-dollar offset against his liability under the guaranty. As proof of the agreement to reduce defendant's liability under the guaranty and the amount of that reduction, plaintiff relies on evidence extrinsic to the instrument consisting of representations in the affidavit of its chief operating officer, deposit receipt printouts from the online system of plaintiff's bank, and a guaranty balance chart apparently generated by plaintiff showing the calculation of defendant's revised liability.
In our view, "[g]oing that far afield from the [financial] instrument itself does not appear to comport with the simple standards" embodied in the statute and related case law (Siegel & Connors § 289 at 544). Indeed, inasmuch as plaintiff's moving papers demonstrate that outside evidence beyond "simple proof of nonpayment or a similar de minimis deviation from the face of the document[s]" is needed to determine the amount due, we conclude that "[p]laintiff's action falls far short of satisfying the [CPLR] 3213 threshold requirement" (Weissman, 88 NY2d at 444; see Ippolito v Family Medicine of Tarrytown & Ossining, LLP, 46 AD3d 752, 753 [2d Dept 2007]; cf. Ring v Jones, 13 AD3d 1078, 1079 [4th Dept 2004]). The reduction of defendant's liability by the amount of two contingency fees effectively represents a separate offset or credit agreement requiring outside proof beyond de minimis extrinsic evidence to establish the amount due, thereby rendering resort to CPLR 3213 inappropriate (see generally Express Valentine Auto Repair Shop, Inc. v New York Taxi 2, Inc., 185 AD3d 550, 552 [2d Dept 2020]; Grossman v Clarey, 133 AD2d 443, 444 [2d Dept 1987]).
Based on the foregoing, we conclude that Supreme Court erred in granting plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, and we therefore reverse and, in accordance with CPLR 3213, "the moving and answering papers shall be deemed the complaint and answer, respectively." In light of our determination,
we do not address defendant's remaining contentions.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court