Kitchen Winners NY, Inc. v Triptow (2024 NY Slip Op 02181)

Kitchen Winners NY, Inc. v Triptow

2024 NY Slip Op 02181

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-04409
 (Index No. 500699/22)

[*1]Kitchen Winners NY, Inc., respondent,
v
David Triptow, et al., appellants.

The Law Office of Aaron M. Schlossberg, Esq., PLLC, White Plains, NY, for appellants.
Morrison Cohen LLP, New York, NY (Y. David Scharf and Aaron B. Lauchheimer of counsel), for respondent.

DECISION & ORDER
In an action to recover on a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated May 9, 2022. The order granted the plaintiff's motion for summary judgment in lieu of complaint and denied the defendants' cross-motion pursuant to CPLR 2201 to stay this action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment in lieu of complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements, and the motion and answering papers are deemed to be the complaint and answer, respectively.
The plaintiff commenced this action against the defendants by summons and motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In support of the motion, a representative of the plaintiff averred that the defendants had executed a guaranty, pursuant to which the defendants promised to repay a $450,000 deposit paid by the plaintiff pursuant to a purchase agreement the plaintiff entered into with nonparties Humpf (Chengdu) Industrial Co. Ltd. (hereinafter Humpf) and Legend Sport Limited—HK (hereinafter Legend), in the event that the goods that were the subject of the purchase agreement, namely, disposable medical gloves, were not delivered. The plaintiff's representative further averred that the gloves were not delivered by the date set forth in the purchase agreement for such delivery, triggering the defendants' obligation under the guaranty to repay the plaintiff's deposit, and the defendants had remitted only $50,000 of the $450,000 owed. In further support of the motion, the plaintiff submitted a copy of a guaranty executed by the defendants as "Guarantors," and the plaintiff as "Buyer," dated February 8, 2021. The guaranty, among other things, references and incorporates the terms of a separate "pro forma invoice" (hereinafter the "PI") between "TT Red" and the plaintiff, for the purchase of gloves, dated January 17, 2021. The guaranty states, inter alia, that pursuant to the PI the plaintiff was required to pay a deposit of $453,000 for delivery of the gloves and that, as a condition of entering the PI, the plaintiff "requires Guarantor to guarantee repayment of the Deposit . . . in the event TT Red as the seller fails to deliver the [gloves] or otherwise perform its obligations under the PI." The plaintiff's [*2]representative averred that, although the guaranty references a deposit in the amount of $453,000, the actual amount of the deposit paid by the plaintiff was $450,000.
In further support of the motion, the plaintiff also submitted a copy of a purchase and sale contract, entered into by the plaintiff, Humpf, and Legend, executed by the plaintiff on January 19, 2021, and by Humpf and Legend on January 21, 2021. The purchase and sale contract provided, among other things, that the plaintiff would pay $450,000 for a certain shipment of medical gloves that was to be delivered by February 12, 2021, with payment to be made in the form of a "20% deposit" and the "balance at inspection." The plaintiff also submitted a copy of an email reflecting that the defendant TT Red Solutions, LLC (hereinafter TT Red), had wired $50,000 to the plaintiff's attorney on March 22, 2021.
The defendants opposed the plaintiff's motion and cross-moved pursuant to CPLR 2201 to stay this action pending final resolution of a pending legal proceeding in China. In support of their cross-motion, the defendants submitted documents reflecting that, in the proceeding in China, an entity named T-Z Cargo Company Limited (hereinafter T-Z Cargo) obtained a judgment against an entity named Xingfu (Mianyang) Textile Printing and Dyeing Co., Ltd. (hereinafter Xingfu), in the amount of $407,974, plus costs and interest, in an action arising from Xingfu's failure to pay T-Z Cargo pursuant to a "Refund Agreement," dated May 6, 2021, which was intended to refund the purchase price for gloves that were purchased by TT Red in January 2021 from an entity named Hanfu (Chengdu) Industrial Co., Ltd., but not delivered.
The Supreme Court granted the plaintiff's motion for summary judgment in lieu of complaint and denied the defendants' cross-motion to stay this action. The defendants appeal.
"Pursuant to CPLR 3213, '[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint'" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 491). Generally, a guaranty is an instrument that qualifies for relief pursuant to a motion for summary judgment in lieu of a complaint (see id. at 492). However, "[t]he instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis
deviation from the face of the document" (Weissman v Sinorm Deli, 88 NY2d 437, 444; see US Premium Fin. v Sky Materials Corp., 182 AD3d 629, 629).
Here, the Supreme Court erred in granting the plaintiff's motion for summary judgment in lieu of complaint, as the plaintiff failed to show that the guaranty met the threshold requirement of CPLR 3213. To determine the defendants' obligations to the plaintiff, more than "simple proof of nonpayment" or a mere "de minimis deviation from the face" of the guaranty is required (Weissman v Sinorm Deli, 88 NY2d at 444). The guaranty references a deposit amount which differs from the amount demanded by the plaintiff in this proceeding, and, moreover, the guaranty does not establish the date upon which the defendants' repayment obligation is triggered. Even assuming without deciding that the purchase and sales contract submitted with the plaintiff's motion constitutes the underlying "PI" which is referenced in the guaranty, that contract sets forth a different deposit amount than the one set forth in the guaranty and, therefore, also does not conclusively establish the defendants' repayment obligation. Since outside proof beyond simple proof of nonpayment is required to determine the defendants' obligation to the plaintiff, relief pursuant to CPLR 3213 is unavailable (see Weissman v Sinorm Deli, 88 NY2d at 445; Express Valentine Auto Repair Shop, Inc. v New York Taxi 2, Inc., 185 AD3d 550, 552; Oak Rock Fin., LLC v Rodriguez, 148 AD3d 1036, 1039).
CPLR 2201 allows a court to stay a proceeding "in a proper case, upon such terms as may be just." "To impose a stay in one action pending the resolution of a related action, there must be a complete identity of parties, claims, and reliefs sought in the two actions" (Green Tree Fin. Servicing Corp. v Lewis, 280 AD2d 642, 643). "'[A] court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, application of proof and potential waste of judicial resources'" (Chaplin v National Grid, 171 AD3d 691, 692, quoting Matter of Tenenbaum, 81 AD3d 738, 739).
The Supreme Court providently exercised its discretion in denying the defendants' cross-motion to stay this action pending final resolution of the proceeding in China. This action and the proceeding pending in China do not share "complete identity of parties, claims, and reliefs sought" (Lessard Architectural Group, Inc., P.C. v X & Y Dev. Group, LLC, 88 AD3d 768, 770 [internal quotation marks omitted]; see Tribeca Lending Corp. v Crawford, 79 AD3d 1018, 1020; Winters Bros. Recycling Corp. v H.B. Millwork, Inc., 72 AD3d 942, 943). The defendants' assertion that T-Z Cargo is the plaintiff's proxy in the proceeding in China is unsubstantiated (see Bennell Hanover Assoc. v Neilson, 215 AD2d 710, 711).
The parties' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court