P1 Fin. v Evergreen Bldrs. & Constr. Servs., Inc. (2024 NY Slip Op 05897)

P1 Fin. v Evergreen Bldrs. & Constr. Servs., Inc.

2024 NY Slip Op 05897

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 654572/21 Appeal No. 3130 Case No. 2024-01799 

[*1]P1 Finance, etc., Plaintiff-Appellant,
v
Evergreen Builders & Construction Services, Inc., Defendant-Respondent.

Steven G. Legum, Mineola, for appellant.
Charles Wallshein, PLLC, Melville (Charles Wallshein of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered February 27, 2024, which denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously affirmed, without costs.
Plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, alleging that defendant owed money to it in connection with a premium finance agreement. To establish a prima facie case on a CPLR 3213 motion, a plaintiff must show "the existence of a promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note's terms" (Zyskind v FaceCake Mktg Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]). "The prototypical example of an instrument within the ambit of [CPLR 3213] is . . . a negotiable instrument for the payment of money — an unconditional promise to pay a sum certain, signed by the maker and due on demand or at a definite time" (Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996]; see also PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494, 494-495 [1st Dept 2017]).
Here, plaintiff failed to establish its prima facie entitlement to summary judgment. While plaintiff asserts repeatedly that the Agreement contained an "unconditional" promise to repay the loaned amounts, the word "unconditional" does not appear in the relevant agreement, with defendant's obligation to repay expressly conditioned on the contractual terms. The agreement provided, among other things, that plaintiff would be entitled to receive unearned premiums from the canceled insurance policy from defendant's insurer (a nonparty to this action), and that defendant would be entitled to receive a credit for those amounts against any outstanding balance of the loan.
The Second Department has analyzed nearly identical language in a premium financing agreement and denied the plaintiff summary judgment in lieu of complaint because outside proof was required to determine if there is any deficiency after payment of the unearned premiums to the plaintiff (see US Premium Fin. v Sky Material Corp., 182 AD3d 629 [2d Dept 2020]). Here, there also remain issues surrounding the amount of unearned premiums received by plaintiff from defendant's insurer, sums returned to plaintiff by the broker and/or insurer, and the overall amount owed directly by defendants — amounts that are disputed. This type of agreement does not qualify for summary treatment under CPLR 3213.
As plaintiff has failed to establish its prima facie case, we need not consider whether defendant raised an issue of fact or a bona fide defense (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024