Pearl Riv. Campus, LLC v ReadyScrip, LLC (2025 NY Slip Op 04101)

Pearl Riv. Campus, LLC v ReadyScrip, LLC

2025 NY Slip Op 04101

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-00519
 (Index No. 32735/23)

[*1]Pearl River Campus, LLC, appellant, 
v
ReadyScrip, LLC, respondent.

Bleakley Platt & Schmidt, LLP, White Plains, NY (David H. Chen and Adam Rodriguez of counsel), for appellant.
Chiesa Shahinian & Giantomasi P.C., New York, NY (Philip C. Chronakis of counsel), for respondent.

DECISION & ORDER
In an action to recover on a guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated December 29, 2023. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment in lieu of complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover on a guaranty of a lease agreement by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In support of the motion, the plaintiff submitted the lease agreement, two amendments to the lease agreement, and the guaranty executed by the defendant, which provides that the defendant "absolutely and unconditionally guarantees to [the plaintiff] the timely payment of all amounts that Tenant may at any time owe under the Lease, or any extensions, renewals, or modifications of the Lease." The plaintiff also submitted an affidavit from its operations manager, who averred that the lease had commenced without payment from the tenant and, therefore, the plaintiff terminated the lease. Based on the terms of the lease agreement, on which the guaranty is based, the operations manager averred that the sum of $300,749.37 was due and owing.
In an order dated December 29, 2023, the Supreme Court, inter alia, denied the plaintiff's motion for summary judgment in lieu of complaint. The plaintiff appeals.
"Pursuant to CPLR 3213, '[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint'" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 491; see Kitchen Winners NY, Inc. v Triptow, 226 AD3d 989, 990-991). "Generally, a guaranty is an instrument that qualifies for relief pursuant to a motion for summary judgment in lieu of a complaint" (Kitchen Winners NY, Inc. v Triptow, 226 AD3d at 991; see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 492). "However, '[t]he instrument does not qualify if outside proof is needed, other than simple proof of [*2]nonpayment or a similar de minimis deviation from the face of the document'" (Kitchen Winners NY, Inc. v Triptow, 226 AD3d at 991, quoting Weissman v Sinorm Deli, 88 NY2d 437, 444; see US Premium Fin. v Sky Materials Corp., 182 AD3d 629, 629). To meet its prima facie burden on a motion for summary judgment in lieu of complaint, a plaintiff must prove "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 492 [internal quotation marks omitted]; see Capital One Taxi Medallion Fin. v JEB Mgt. Corp., 192 AD3d 1072, 1073).
Here, a determination of the defendant's obligations to the plaintiff under the guaranty requires review of outside proof that goes well beyond a mere "de minimis deviation from the face" of the guaranty (Weissman v Sinorm Deli, 88 NY2d at 444). In order to determine the existence and amount of the underlying debt asserted by the plaintiff, the Supreme Court would have been required to examine material outside the lease agreement and make calculations that were not shown by the plaintiff in the affidavit of its operations manager or supporting documents. Since outside proof beyond simple proof of nonpayment was required to determine the defendant's obligation to the plaintiff, the court properly determined that relief pursuant to CPLR 3213 was unavailable (see Weissman v Sinorm Deli, 88 NY2d at 445; Kitchen Winners NY, Inc. v Triptow, 226 AD3d at 991; Express Valentine Auto Repair Shop, Inc. v New York Taxi 2, Inc., 185 AD3d 550, 552).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court