Sky Delray, LLC v Kirzner (2025 NY Slip Op 51453(U))

[*1]

Sky Delray, LLC v Kirzner

2025 NY Slip Op 51453(U)

Decided on September 15, 2025

Supreme Court, Kings County

Boddie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 15, 2025
Supreme Court, Kings County

Sky Delray, LLC, Plaintiff,

against
Samuel Kirzner, an individual and YITZCHOK SCHWARTZ, an individual, Defendants.

Index No. 518104/2025

Plaintiff's counsel: Mark F. Heinze, Esq. of Ofeck & Heinze, LLP, 85 Main Street, Suite 204, Hackensack, New Jersey 07601
Defendants' counsel: Meyer Y. Silber, Esq., of The Silber Law Firm, LLC, 2361 Nostrand Avenue, Fifth Floor, Brooklyn, New York 11210

Reginald A. Boddie, J.

The following e-filed papers read herein: NYSCEF Doc Nos.
MS 1 1-13, 21-28
MS 2 16-20, 29
Plaintiff Sky Delray, LLC ("Plaintiff") has interposed a motion for summary judgment in lieu of complaint (motion sequence 1) pursuant to CPLR 3213 for an order directing the entry of judgment for Plaintiff and against defendants Samuel Kirzner and Yitzchok Schwartz (collectively, "Defendants"), jointly and severally, in the amount of $399,633.08 as of June 2, 2025, plus per diem interest of $108.22 on the principal amount due after June 2, 2025, as well as attorneys' fees, on the ground that this action is based upon an instrument for the payment of money only (see NYSCEF Doc No. 2, notice of motion, at 1).
Defendants have interposed a cross-motion (cross-motion sequence 2) pursuant to CPLR 3211 (a) (8) for an Order dismissing the present action as to defendant Samuel Kirzner ("Defendant Kirzner") on the basis of improper service of process (see NYSCEF Doc No. 16, notice of cross-motion, at 1).
Plaintiff, through an affirmation submitted by its manager and member, Shimon Klepner ("Plaintiff's Manager"), contends that Plaintiff is entitled to summary judgment in lieu of complaint based on a promissory note dated February 19, 2025 (the "Promissory Note") payable from the borrower UNB Delray Project LLC (the "Borrower") to Plaintiff, as lender, which promissory note was personally guaranteed by Defendants (see NYSCEF Doc No. 3, Plaintiff's [*2]Manager aff, ¶ 3; see also NYSCEF Doc No. 4, promissory note at 1). Plaintiff contends that the Promissory Note was delivered to Plaintiff by the Borrower in conjunction with the settlement of the action styled UNB Delray Project LLC v Sky Delray LLC, Circuit Court, 11th District, Miami-Dade County, Fl., Case No. 2023-024007-CA-01, and other related cases. Plaintiff avers that Defendants are guarantors of the Promissory Note, and that, insofar as the Promissory Note has been in default since May 19, 2025, Defendants, as guarantors, are liable for the principal, interest and attorneys' fees due, as detailed more fully below (see NYSCEF Doc No. 3, Plaintiff's Manager aff, ¶¶ 5-6).
Plaintiff avers that the Promissory Note, dated February 19, 2025, is in the principal amount of $395,000 and was signed by Defendant Kirzner on behalf of the Borrower, as well as by Defendants, as guarantors (id. ¶¶ 7-9). As reflected in the Promissory Note, this instrument bore interest on the principal at a yearly rate of 5.14% and provided for a May 19, 2025 maturity date (that is, the date on which the principal and accrued interest became due) (see NYSCEF Doc No. 4, promissory note at ¶¶ 1, 4). The Promissory Note, which does not provide for any renewals or extensions of the maturity date, specifies that "[t]ime is of the essence" with respect to all obligations arising under the Note and that the Borrower's failure to pay the amount at maturity constitutes a default (id. ¶¶ 4-6). Pursuant to the Promissory Note, both Defendants "unconditionally," as well as "jointly and severally," guaranteed all sums due under the Note, including principal and interest, costs of enforcement and reasonable attorneys' fees incurred by Plaintiff, the lender (id. ¶¶ 22, 22.B). 
Plaintiff alleges that, while on May 19, 2025 the principal and accrued interest became due under the terms of the Promissory Note, neither the Borrower, nor Defendants, the guarantors, paid any amount towards the principal or interest due under the Note on the maturity date or any time thereafter (see NYSCEF Doc No. 3, Plaintiff's Manager aff, ¶¶ 25-26). Accordingly, Plaintiff posits that the Promissory Note is in default and the principal, and accrued interest, are due, which damages amount to $399,633.08 (id. ¶ 28). Insofar as this action is based upon an instrument for the payment of money only (to wit, the Promissory Note), Plaintiff asserts that it is entitled to an Order pursuant to CPLR 3213 [FN1]
 directing the entry of judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of to $399,633.08, plus reasonable attorneys' fees (see NYSCEF Doc No. 2, notice of motion, at 1).
Based on the foregoing, the February 19, 2025 Promissory Note looms large in this proceeding as it constitutes the focal point of Plaintiff's position that it is entitled to the grant of the drastic remedy of summary judgment in lieu of a complaint predicated on the subject instrument. In these circumstances, at the core of Plaintiff's motion lies the notion that Plaintiff has duly authenticated the Promissory Note, the instrument on which its motion turns. Plaintiff properly authenticated Defendants' signatures featured in the Promissory Note as follows in Plaintiff's Manager's affidavit: "I am familiar with the defendants' signatures, and I recognize each signature as that of each defendant" (see NYSCEF Doc No. 3, Plaintiff's Manager aff, ¶ 10). It is indeed well settled that a witness can authenticate a signature of a person he or she knows (Young v Crescent Coffee, Inc., 222 AD3d 704, 705 [2d Dept 2023] [holding that "the [*3]deposition testimony of Goodrich's property manager adequately authenticated the signatures on the lease agreement"]).
However, an analysis of Plaintiff's moving papers reveals that, beyond merely authenticating Defendants' signatures in the Promissory Note, Plaintiff did not endeavor to authenticate the Promissory Note, the very instrument at the heart of its summary judgment motion. Notably absent from Plaintiff's motion is any assertion that the Promissory Note annexed as exhibit A to its motion (see NYSCEF Doc No. 4) constitutes a true and accurate copy of the Promissory Note entered into between the parties. To the contrary, a review of Plaintiff's Manager's affidavit, which affidavit is used by Plaintiff as a vehicle to purport to authenticate the Promissory Note, makes plain that Plaintiff has eschewed any attempt to aver that the Promissory Note annexed to the motion constitutes a true and accurate copy of the parties' Promissory Note (see NYSCEF Doc No. 3, Plaintiff's Manager aff, ¶¶ 4-32). 
Plaintiff's failure to adduce witness testimony to the effect that the Promissory Note accompanying its motion is a true and accurate copy of the parties' Promissory Note is no trifling procedural oversight as signatures alone do not make an agreement. The central import of authenticating the actual Promissory Note, as distinguished from merely authenticating the signatures featured therein, accounts for the Appellate Division, Second Department's drawing as follows a line of demarcation between signature and promissory note in a recent decision involving, as here, a plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213:
Pursuant to CPLR 3213, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law with respect to a promissory note if it shows the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms.
(Kwok Ching Cheung v Sunrise Plaza, LLC, 237 AD3d 799, 801 [2d Dept 2025] [internal quotation marks omitted]; see also Express Valentine Auto Repair Shop, Inc. v New York Taxi 2, Inc., 185 AD3d 550, 551-552 [2d Dept 2020]). 

In short, in light of Plaintiff's failure to authenticate the Promissory Note (as distinguished from the signatures set forth therein) Plaintiff's motion for summary judgment in lieu of complaint, predicated on the Promissory Note, must be denied regardless of the sufficiency of Defendants' opposition papers since Plaintiff failed to sustain its initial burden of demonstrating its entitlement to summary judgment. Indeed, insofar as summary judgment is the functional equivalent of trial, the Court is not free to dispense with the authentication requirement in the context of the present dispositive motion (see PROF-2013-S3 Legal Tit. Trust v Santo, 178 AD3d 742, 743 [2d Dept 2019] ["[t]he granting of a summary judgment motion is the procedural equivalent of a trial"] [internal quotation marks omitted]). As held by the Appellate Division, Second Department in a case where, as here, the movant purported to base its motion on an unauthenticated contract:
A private document offered to prove the existence of a valid contract cannot be admitted into evidence unless its authenticity and genuineness are first properly established (see Sloninski v Weston, 232 AD2d 913, 914 [1996]; see generally 58 NY Jur 2d, Evidence and Witnesses § 460). Contrary to the appellant's contention, the Supreme Court did not err in requiring that the appellant's motion be supported by legally competent evidence. [*4]Accordingly, the motion was properly denied.
(NYCTL 1998-2 Trust v Santiago, 30 AD3d 572, 573 [2d Dept 2006]; see also Fairlane Fin. Corp. v Greater Metro Agency, Inc., 109 AD3d 868, 871 [2d Dept 2013]).
Defendants have interposed a cross-motion (cross-motion sequence 2) pursuant to CPLR 3211 (a) (8)[FN2]
for an Order dismissing the present action as to Defendant Kirzner on the basis of improper service of process (see NYSCEF Doc No. 16, notice of cross-motion, at 1). The affidavit of service (the "Affidavit of Service") upon Defendant Kirzner, dated June 12, 2025 indicates that service of process was made on Defendant Kirzner pursuant to CPLR 308 (4) through the so-called "nail and mail" method by affixing a copy of the summons and motion for summary judgment in lieu of complaint to the door of 2402 Quentin Road, Brooklyn, New York 11229 ("2402 Quentin Road") and by mailing a copy of such documents to the address in question (see NYSCEF Doc No. 12, affidavit of service).
An analysis of the June 12, 2025 Affidavit of Service reveals that the process server attempted personal service on Defendant Kirzner at 2402 Quentin Road on (i) June 5, 2025 (a Thursday) at 11:46 a.m., (ii) June 7, 2025 (a Saturday) at 12:57 p.m. and (iii) June 9, 2025 (a Monday) at 6:12 p.m. (id.). The process server avers in the Affidavit of Service that "personal service could not be made with due diligence upon" Defendant Kirzner or on a person of suitable age and discretion, and, as such, the process server asserts that "on the 09th day of June, 2025 at 6:12 p.m. at the above address, [he] served a true copy of the aforementioned document(s) herein upon the said defendant Samuel Kirzner, by affixing the same to the door of Defendant," and mailed to Defendant Kirzner another copy of such documents by first class mail to the same address (id.).
Pursuant to CPLR 308 (1), (2) and (4), which governs personal service of process upon a natural person, such service shall be made by either (i) "delivering the summons within the state to the person to be served" (see CPLR 308 [1]), (ii) delivering the summons within the state to a "person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" (see CPLR 308 [2]), or (iii) where service under the aforesaid two methods "cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business" (see CPLR 308 [4]).
While the affidavit of service is silent as to this issue (see NYSCEF Doc No. 12, affidavit of service), one of the three attempts at service of process on Defendant Kirzner occurred on a Saturday, namely, on Saturday, June 7, 2025 at 12:57 p.m. (id.). Inasmuch as Defendant Kirzner is a Saturday Sabbath observer, a fact known to, and admitted by Plaintiff in its opposition to the [*5]cross-motion,[FN3]
the subject June 7, 2025 attempted service cannot be credited to Plaintiff for purposes of ascertaining Plaintiff's due diligence in attempting to effectuate service of process pursuant to CPLR 308 (1) or (2)[FN4]
before resorting to "nail and mail" service under CPLR 308 (4). As held by the Appellate Division, Second Department in a case of first impression in which, as here, the affixation portion of the "nail and mail" service was effectuated on a Saturday on a Saturday Sabbath observer:
General Business Law § 13 provides: "Whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time, and does not labor on that day, or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor."
The defendants contend that the plaintiff's counsel was aware that they are observant, Orthodox Jewish persons who adhere to the Sabbath, and thus, the Saturday affixation of process to the door of their residence was invalid. This appears to be an issue of first impression for this Court. We agree with the other courts that have addressed the issue, which have consistently held, for more than a century, that service in violation of General Business Law § 13, or its predecessor statute, is void, and personal jurisdiction is not obtained over the party served.
(JPMorgan Chase Bank, N.A. v Lilker, 153 AD3d 1243, 1244 [2d Dept 2017]).
Removing the Saturday attempted service of process on Defendant Kirzner leaves a scant two attempts at service under CPLR 308 (1) or (2), both during, or close to, weekday business hours, before the process server resorted to the "nail and mail" method of service under CPLR 308 (4), which is insufficient to permit service of process to proceed under the CPLR 308 (4) "nail and mail" route. As held by the Appellate Division, Second Department in reversing the trial court's determination that plaintiff's "nail and mail" service of process satisfied the due diligence requirement of CPLR 308 (4):
We conclude that the Supreme Court erred in finding that the plaintiff satisfied the "due diligence" requirement of CPLR 308 (4) and sustaining the so-called "nail and mail" service upon the defendant. The evidence adduced at the hearing to determine the validity of the service of process established that the process server only made three attempts to personally serve the defendant at her residence. Those attempts occurred on weekdays at the hours of 9:00 A.M., 5:30 P.M. and 6:00 P.M. Clearly, these attempts, which were made during normal business hours or at times when it could reasonably have been expected that the defendant was in transit to or from her job, were insufficient, as a [*6]matter of law, to satisfy the "due diligence" requirement of CPLR 308 (4).
(Magalios v Benjamin, 160 AD2d 773 [2d Dept 1990]; see also Pizzolo v Monaco, 186 AD2d 727, 728 [2d Dept 1992] ["[w]e agree with the court's finding that the plaintiffs' process server did not exercise due diligence in attempting to effectuate personal service upon the late Dr. Robert Monaco. The three attempts to make service of the summons and complaint upon Dr. Monaco at his residence on different days of the week and at different times including the morning, afternoon and evening, were insufficient to constitute due diligence under the circumstances of this case. Thus, since due diligence was not exercised in attempting personal delivery of the summons and complaint under CPLR 308 (1) or (2), substitute "nail and mail" service under CPLR 308 (4) was not authorized").
In sum, based on the above, since due diligence was not exercised by Plaintiff's process server in attempting personal delivery on Defendant Kirzner of the summons and motion papers under CPLR 308 (1) or (2), substitute "nail and mail" service under CPLR 308 (4) was not permissible, warranting the grant of Defendants' cross-motion pursuant to CPLR 3211 (a) (8) to dismiss the present action as to Defendant Kirzner on the basis of improper service of process (cross-motion sequence 2). 
Plaintiff argues that, insofar as Defendant Kirzner ultimately was in receipt of the summons and motion for summary judgment in lieu of complaint, the Court should deny Defendants' cross-motion to dismiss the instant action as to Defendant Kirzner on the basis of improper service of process. As Plaintiff argues, "[t]here is no reason to believe — and nothing in the Kirzner's [sic] affirmation suggests — that the attempts and subsequent nail-and-mail [sic] did not give him notice of the action, consistent with due process" (see NYSCEF Doc No. 21, reply memo at 3). That Defendant Kirzner was eventually in receipt of the summons and motion is of no moment for purposes of the service of process analysis. As the Appellate Division, Second Department held when grappling with an analogous "notice" line of argument:
It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void (McMullen v Arnone, 79 AD2d 496, 499 [1981]; see Khanal v Sheldon, 55 AD3d 684 [2008]). Such a defect is not cured by the defendant's subsequent receipt of actual notice of the action, since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court (Feinstein v Bergner, 48 NY2d 234, 241 [1979]; see McMullen v Arnone, 79 AD2d at 499). Thus, there is no merit to the plaintiff's contention that service of process was proper because Kim received actual notice of the action with an opportunity to defend himself. (Krisilas v Mount Sinai Hosp., 630 AD3d 887, 889 [2d Dept 2009] [internal quotation marks omitted]).
Based on the foregoing, Plaintiff's motion for summary judgment in lieu of complaint (motion sequence 1) pursuant to CPLR 3213 for an order directing the entry of judgment for Plaintiff against Defendants on the basis that this action is based upon an instrument for the payment of money only is hereby denied. Further, based on the above, since due diligence was not exercised by Plaintiff's process server in attempting personal delivery on Defendant Kirzner of the summons and motion papers under CPLR 308 (1) or (2), substitute "nail and mail" service [*7]under CPLR 308 (4) was not permissible, and, as such, Defendants' cross-motion pursuant to CPLR 3211 (a) (8) to dismiss the present action as to Defendant Kirzner on the basis of improper service of process is hereby granted (cross-motion sequence 2). Any relief not expressly addressed herein has been considered and is denied.
E N T E R:
Honorable Reginald A. Boddie
Justice, Supreme Court

Footnotes

Footnote 1:CPLR 3213 provides that "[w]hen an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint."

Footnote 2:Pursuant to CPLR 3211 (a) (8), "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the court has not jurisdiction of the person of the defendant."

Footnote 3:Plaintiff concedes that "Kirzner only says that he is a sabbath observer, which disqualifies one of the three attempts at service, i.e., Saturday, June 7, 2025 . . . We do not dispute this" (see NYSCEF Doc No. 21, reply memo of law at 2).

Footnote 4:CPLR 308 (1) and (2) refers to the traditional service of process methods, to wit, service of the summons by personal delivery to the person to be served (CPLR 308 [1]) and service by delivering the summons to a person of suitable age and discretion (CPLR 308 [2]).